No. 59,913

VOLT DELTA RESOURCES, INC., and VDJV, INC., *Appellants*, v. WILLIAM J. DEVINE, GEORGE J. MUELLER, JR., KEVIN P. MEADE, and JAMES S. DEGRAW, *Appellees.*

(740 P.2d 1089)

Opinion filed July 17, 1987.

*James W. Howard*, of Morrison, Hecker, Curtis, Kuder & Parrish, of Overland Park, argued the cause, and *Michael C. Manning* and *Susan S. Mann*, of the same firm, were with him on the brief for appellants.

*David J. Waxse*, of Shook, Hardy & Bacon, of Overland Park, argued the cause, and *Carol F. Fowler*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Plaintiffs appeal the Johnson County District Court's granting of defendants' motion to dismiss for lack of personal jurisdiction. The district court held that, while defendants had sufficient contacts to satisfy the Kansas long arm statute, K.S.A. 1986 Supp. 60-308(b)(1) and (2), the contacts were not sufficient to comply with the due process requirements of the Fourteenth Amendment.

Plaintiff Volt Delta Resources, Inc., (Volt Delta) is a Nevada corporation with its principal place of business in Nevada. Plaintiff VDJV, Inc., (VDJV) a subsidiary of Volt Delta, is a Delaware corporation with its principal place of business in New York. VDJV is registered to do business in the state of Kansas. Delta Resources, Inc., (Delta) a New York corporation, is also a subsidiary of Volt Delta Resources. Defendants William J. Devine and Kevin P. Meade are residents of New Jersey. Defendants George J. Mueller, Jr., and James S. DeGraw are residents of New York.

In 1985, all four defendants were employed by Delta as specialized computer programmers. Their specialty was the programming of computers designed for use in producing yellow and white page phone books and information systems for automated yellow pages. Plaintiff VDJV was a general partner with United Business Information, a subsidiary of United Telecom, Inc., in a Kansas partnership known as U.V. Associates, which was working on a project known as "Information Line." VDJV provided individuals with technical expertise as its partnership contribution.

In 1985, VDJV sent defendants to Kansas to aid U.V. Associates in the design of the Information Line, a state of the art computerized telephone yellow pages system. Defendants continued to be paid by their New York employer, Delta. In the period July-October 1985, defendants worked on the Information Line Project at the offices of U.V. Associates in Overland Park, Kansas. Though defendants did not reside in Kansas during this period, they were each physically present in the state from July to October 1985 on an average of 43.5 work days of the approximate 201.25 days each worked on the Information Line

project. In October and November 1985, after returning to New York, defendants terminated their positions with Delta and began work for Janus Systems, Inc., a New York corporation and one of plaintiffs' competitors.

On May 22, 1986, plaintiffs filed a petition in the Johnson County District Court including the following six allegations against the defendants:

1. Wrongful termination of employment contracts.

2. Breach of fiduciary duty.

3. Intentional interference with contractual relations between VDJV and U.V. Associates, a Kansas partnership.

4. Malicious inducement of termination of employment (against defendant Devine).

5. Disclosure of trade secrets in violation of the the Kansas Uniform Trade Secrets Act, K.S.A. 60-3320 *et seq.*

6. Civil conspiracy.

Count I alleged that termination of the employment contract damaged the UV partnership project. Count III alleged that defendants intended to injure the Kansas partnership. Count V alleged that disclosure of trade secrets occurred before the defendants left plaintiffs' employ. The complaint alleged that all the events in question occurred or were caused to occur in or around Johnson County, Kansas.

Defendants filed a motion to dismiss for lack of personal jurisdiction or in the alternative because Kansas was not a convenient jurisdiction to try the issues (forum non conveniens). The district court granted defendants' motion to dismiss holding that, although defendants' contacts with the state of Kansas were sufficient to satisfy the Kansas long arm statute, K.S.A. 1986 Supp. 60-308, those contacts were not sufficient to satisfy the due process requirement of the Fourteenth Amendment.

The Kansas long arm statute is liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution. *Ling v. Jan's Liquors*, 237 Kan. 629, 633, 703 P.2d 731 (1985) (citing *Misco-United Supply, Inc. v. Richards of Rockford, Inc.*, 215 Kan. 849, 528 P.2d 1248 [1974]; *Woodring v. Hall*, 200 Kan. 597, 438 P.2d 135 [1968]). When the existence of personal jurisdiction is controverted,

plaintiff has the minimal burden of establishing a prima facie threshold showing that constitutional and statutory requirements for the assumption of personal jurisdiction are met. *Ammon v. Kaplow*, 468 F. Supp. 1304, 1309 (D. Kan. 1979); *Professional Investors Life Ins. Co. v. Roussel*, 445 F. Supp. 687, 691-92 (D. Kan. 1978).

K.S.A. 1986 Supp. 60-308(b)(1) and (2) provide:

"Any person whether or not a resident or citizen of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

(1) Transaction of any business within this state;

(2) commission of a tortious act within this state."

Here, defendants were employees of a New York corporation temporarily assigned to Kansas to perform computer programming services for a Kansas partnership. They were physically present in Kansas for a total of over six weeks during which several of the alleged acts occurred.

"Business" is transacted within the state when an individual is within or enters this state in person or by agent and, through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his economic conditions and satisfy his desires. *Woodring v. Hall*, 200 Kan. at 607. The transaction of business exists when the nonresident purposefully does some act or consummates some transaction in the forum state. *White v. Goldthwaite*, 204 Kan. 83, 88, 460 P.2d 578 (1969).

K.S.A. 1986 Supp. 60-308(b)(2) provides for jurisdiction over a nonresident defendant who commits a "tortious act within the state." Where tortious conduct occurs outside this state, personal jurisdiction may result as long as the injury resulting from the tortious act occurs in the state. *Ling v. Jan's Liquors*, 237 Kan. at 633. Plaintiffs' petition alleges several tortious acts which, if proved, clearly caused injury to the Kansas partnership, U.V. Associates, and plaintiffs also claim that some of the tortious acts occurred in Kansas.

The district court determined that the allegations of the plaintiffs' petition were sufficient to establish that defendants' activities in Kansas met the requirements for jurisdiction over a

nonresident under either provision of the Kansas long arm statute, since defendants had allegedly transacted business in the state of Kansas within the meaning of K.S.A. 1986 Supp. 60-308(b)(1) and there were sufficient allegations of tortious acts under K.S.A. 1986 Supp. 60-308(b)(2). However, the district court held that the Fourteenth Amendment's due process clause denied this state's assertion of personal jurisdiction over the nonresidents.

Although the requirements of the long arm statute may be satisfied, federal constitutional considerations may defeat the assertion of personal jurisdiction. Therefore, when considering questions of personal jurisdiction, a two-step analysis is required. First, does the defendant's conduct fall within the scope of the relevant provision of the Kansas long arm statute? Second, does the exercise of personal jurisdiction in the particular case comply with the due process requirements of the Fourteenth Amendment as set out in the decisions of the United States Supreme Court? *Misco-United Supply, Inc. v. Richards of Rockford, Inc.*, 215 Kan. at 852; *Davis v. Grace*, 4 Kan. App. 2d 704, 707-08, 610 P.2d 1140 (1980). Satisfaction of due process depends on the quality and nature of the activities of the defendant, determined on a case by case basis. *Woodring v. Hall*, 200 Kan. at 602.

The Fourteenth Amendment's due process clause limits the forum state's assertion of personal jurisdiction over nonresidents. Minimum contacts with the forum state must exist so that the assertion of personal jurisdiction will not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation. *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945).

In addition, before a state can assert personal jurisdiction, the individuals must have "fair warning" that a particular activity may subject them to the jurisdiction of a foreign sovereign. The "fair warning" requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum and

the litigation results from alleged injuries that arise out of or relate to those activities. Where an individual purposefully directs his activities toward forum residents or has purposefully derived benefits from their interstate activities, a state generally has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985).

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction comports with 'fair play and substantial justice.' [Citation omitted.] Thus, courts in 'appropriate case[s]' may evaluate 'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.' " *Burger King*, 471 U.S. at 476-77.

When reviewing the allegations of the petition, the district court relied on factors enumerated in *Fisher Governor Co. v. Superior Court*, 53 Cal. 2d 222, 1 Cal. Rptr. 1, 347 P.2d 1 (1959). These factors include: (1) the state's interest in providing a forum for its residents or in regulating the business involved, (2) the relative availability of evidence and the burden of defense and prosecution in one forum rather than another, (3) the ease of access to an alternative forum, and (4) the extent to which the cause of action arose out of the defendant's local activities.

Applying these factors to the allegations of the plaintiffs' petition, the district court found that accepting jurisdiction would be an injustice since (1) all parties were residents of other states and Kansas had no interest in providing a forum, (2) evidence would likely be more readily located in New York and the burden of litigation would be less onerous in New York, (3) plaintiffs' cause of action had only a tenuous connection to defendants' temporary assignment in Kansas, and (4) Kansas was not the appropriate forum to litigate claims arising from the employment relations of residents of other states. The district court actually placed primary emphasis on factors applicable in determining if a trial court should decline to accept jurisdiction

under the doctrine of forum non conveniens, rather than on traditional personal jurisdiction factors.

Forum non conveniens is an equitable doctrine under which the trial court, having jurisdiction over the subject matter and the parties, may decline to exercise this jurisdiction if it can be shown that the forum is significantly inconvenient for trial of the issues. Trial courts have the inherent power to dismiss a transitory cause of action under the doctrine where facts and circumstances call for its application. See Casad, *Long Arm and Convenient Forum*, 20 Kan. L. Rev. 1, 12 (1971), and the leading United States Supreme Court case, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947).

The leading Kansas case applying the doctrine of forum non conveniens is *Gonzales, Administrator v. Atchison, T.&S.F. Rly. Co.*, 189 Kan. 689, 371 P.2d 193 (1962), where we upheld dismissal for forum non conveniens of an F.E.L.A. case brought by a Colorado resident against a Kansas corporation to recover for injuries sustained in Colorado. In *Gonzales*, we adopted the reasoning of the United States Supreme Court as expressed in *Gulf Oil Corp. v. Gilbert* in determining when a court should decline to accept jurisdiction under forum non conveniens. Among the considerations to be weighed by the trial court when determining whether to decline jurisdiction are the relative ease of access to the sources of proof, availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses. Other factors include the possibility of viewing the premises, if practical; any question as to the enforceability of a judgment if one is obtained; the relative advantages and obstacles to a fair trial; and all other practical problems that make a trial of the case easy, expeditious, and inexpensive.

While the policy of the long arm statute may be primarily to serve the interest of resident plaintiffs in obtaining jurisdiction over out-of-state defendants, there is nothing in the statute which precludes a nonresident from bringing an action in Kansas where the statutory and due process requirements are met. The district court incorrectly determined that the due process requirements of the Fourteenth Amendment prohibited the assertion of personal jurisdiction over the defendants under K.S.A. 1986 Supp. 60-308.

Affidavits and other evidence not considered by the trial court were included in the record on appeal by the defendants. Evidence not presented to the trial court will not be considered for the first time on appeal.

Reversed and remanded for further proceedings.

HERD, J.: I respectfully dissent. The long arm statute is a necessary tool for the proper administration of justice; however, it has the potential for misuse. This is such a case. Here, New York plaintiffs employ two New Yorkers and two New Jerseyians for at-will employment in New York. In the course of their employment, the employees are sent all over the country to perform work for the employers. A part of the work assignment occurred in Kansas (43 days). The employees terminated their employment while in New York. The employers sued them in Kansas. All of the allegations in the employers' petition pertain directly to the employees' New York termination of their employment.

I am unable to see how these four New York employees "purposefully directed" their activities at residents of Kansas resulting in injuries to the New York employers which arose "out of or relate to" those activities. See *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 79 L. Ed. 2d 790, 104 S. Ct. 1473 (1984).

I would affirm the district court.

HOLMES and McFARLAND, J.J., dissenting.