Vickie D. ANGUISH, Plaintiff,

v.

SEYMOUR MANN, INC., Defendant.

Civ. A. No. 91–4189–DES.

United States District Court,
D. Kansas.

July 14, 1993.

Michael W. Merriam, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for plaintiff,

Bruce Keplinger, Mark D. Lewis, Payne & Jones, Chtd., Overland Park, KS, Meyer A. Gross, New York City, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on motion by the defendant Seymour Mann, Inc. ("Seymour Mann") for summary judgment (Doc. 11). Seymour Mann asserts that this court does not have personal jurisdiction over it and the lawsuit should be dismissed. For the reasons set forth below, the court finds that it does not have jurisdiction over the defendant and the case will be dismissed without prejudice.

It is well settled that a moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

The facts are essentially undisputed, although the significance of those facts is a source of disagreement between the parties. The defendant is a New York corporation which is not registered with the Kansas secretary of state as a foreign corporation authorized to do business in the state. In addition, Seymour Mann does not maintain a Kansas office nor have any resident agents doing business in Kansas. The defendant is in the business of selling and distributing collector dolls. The plaintiff, Vickie Anguish is a doll artist and resident of Kansas.

Seymour Mann purchased dolls from a foreign supplier, which the plaintiff is now claiming are unauthorized copies of her copyrighted sculptures. In turn, Seymour Mann sold a number of these dolls to Mercantile Stores Company and the QVC Home Shopping Television Cable Network. The sales took place in New York. Mercantile Stores Company subsequently resold the dolls to the Jones Store Company and apparently some of the dolls ended up in Kansas. The plaintiff also introduced evidence, uncontroverted by the defendant, that the largest sale of the doll was to the QVC Home Shopping Television Cable Network.

Seymour Mann advertised the dolls in question in national trade magazines and merchandise marts. These were general circulation magazines available for sale in Kansas. It is unknown what sales, if any, were the result of the trade magazine advertisements.

Plaintiff introduced evidence, which is uncontroverted by the defendant, of approximately 25 transactions in a six-month period in which Seymour Mann shipped its dolls to Kansas. This was extracted from invoices provided through discovery and there is no reason to believe there would not be more transactions if a longer time period were examined. There is no evidence, however, of whether these transactions were related to the cause of action before the court.

■ The plaintiff bears the burden of establishing the court's jurisdiction, but at the pretrial stage only a prima facie showing is required. *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir.1988). All factual disputes are resolved in the plaintiff's favor. *Id.*

■ In a diversity action, whether the court has jurisdiction over the nonresident defendant is determined by the law of the forum state. 839 F.2d at 1416. Although jurisdiction is only partially predicated on diversity in this case, the court must look to the Kansas long-arm statute. In Kansas, the court must perform a two-step inquiry. First, the court must determine whether the defendant's conduct falls within the scope of the Kansas long-arm statute, K.S.A. 60–308(b). Second, the court must determine whether exercise of jurisdiction comports with the requirements of due process under the Fourteenth Amendment. *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 740 P.2d 1089, 1093 (1987).

■ The Kansas long-arm statute, K.S.A. 60–308(b)(1), reads in pertinent part:

Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

(1) Transaction of any business within this state.

As required by the statute, the defendant's activities must be related to the cause of action. *Marcus Food Co. v. Crown Meat Co., Inc.*, 779 F.Supp. 514, 519 (D.Kan.1991). The defendant does not, however, have to be present in Kansas or have committed the enumerated acts. *Triple A Partnership v. MPL Communications, Inc.*, 629 F.Supp. 1520, 1522 (D.Kan.1986). The defendant has submitted to jurisdiction through an agent or instrumentality if that entity commits any of the enumerated acts. *Id.*

The courts have given **instrumentality** a broad construction and have held that the Kansas long-arm statute "authorizes service on a non-resident that purposefully seeks and foreseeably benefits from its active relationship with another entity that has transacted business in the forum that gives rise to plaintiffs' claim." *Energy Reserves Group, Inc. v. Superior Oil Co.*, 460 F.Supp. 483, 514 (D.Kan.1978). It also has been held that this construction is not limited to affiliated corporations, so other third parties could be construed as **instrumentalities.** *Triple A Partnership v. MPL Communications, Inc.*, 629 F.Supp. at 1523. In *Triple A Partnership*, the third parties were licensees of the defendant.

The Kansas courts' interpretation of transacting business in the state is also instructive.

'Business' is transacted within the state when an individual is within or enters this state in person or by agent and, through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his economic conditions and satisfy his desires. (Citation omitted.) The transaction of business exists when the nonresident purposefully does some act

or consummates some transaction in the forum state. (Citation omitted.)

*Volt Delta Resources, Inc. v. Devine,* 740 P.2d at 1092.

■ The plaintiff asserts that the defendant's actions fall within the scope of the Kansas long-arm by virtue of selling the dolls to the distributors who in turn sold the dolls to companies which do business in Kansas. The defendant argues that a remote seller does not do business in Kansas merely because the buyer subsequently sells the goods in the state. The defendant further asserts that it must realize some economic benefit from the third-party's subsequent business with the state. *Id.*

The court concludes that the actions of the defendant in selling the allegedly infringing dolls to two distributors who subsequently sold them in Kansas does not fall within the scope of the Kansas long-arm. The evidence before the court shows that the sales were made to the distributors and the defendant obtained no further benefit from any contact the distributors had with Kansas. This is unlike *Triple A Partnership* where the instrumentalities were licensees of the defendant or *Energy Reserves Group, Inc.*, where the instrumentality was an affiliated corporation. While the Kansas long-arm has been broadly construed, this court cannot find that it would reach a nonresident defendant through totally independent third-party actors. The court, therefore, finds the plaintiff has not met its burden of establishing a prima facie showing of jurisdiction.

**IT IS BY THE COURT THEREFORE ORDERED** that this case is dismissed without prejudice for lack of personal jurisdiction over the defendant Seymour Mann.