**FEDERATED RURAL ELECTRIC INSURANCE CORPORATION,**
Plaintiff–Appellant,

v.

**KOOTENAI ELECTRIC COOPERATIVE,**
an Idaho corporation; Fall River Rural Electric Cooperative, an Idaho corporation; Lost River Electric Cooperative, an Idaho corporation; Salmon River Electric Cooperative, an Idaho corporation; Midstate Electric Cooperative,

Inc., an Oregon corporation; Hood River Electric Cooperative, an Oregon corporation; Douglas Electric Cooperative, an Oregon corporation; Lane Electric Cooperative, an Oregon corporation, Defendants,

Nespelem Valley Electric Cooperative, Inc., a Washington Corporation; Ohop Mutual Light Company, a Washington corporation; Inland Power & Light Company, a Washington corporation, Defendants–Appellees.

No. 93–3044.

United States Court of Appeals, Tenth Circuit.

Feb. 25, 1994.

Matthew Ross (Dale E. Fredericks and John F. Runkel, Jr., with him on the brief), of Sheppard, Mullin, Richter & Hampton, San Francisco, California, for Plaintiff–Appellant.

David F. Jurca (and Andrew J. Kinstler and Polly K. Becker of Helsell, Fetterman, Martin, Todd & Hokanson, Seattle, Washington, for Defendant–Appellee Inland; John D. Lowery of Riddell, Williams, Bullitt & Walkinshaw, Seattle, Washington, for Defendants–Appellees Ohop and Nespelem; Wesley A. Weathers of Weathers & Riley, Topeka, Kansas, for Defendants–Appellees Inland, Ohop and Nespelem, with him on the brief).

Before KELLY and BARRETT, Circuit Judges, and KANE, District Judge.[†]

PAUL KELLY, Jr., Circuit Judge.

Plaintiff-appellant Federated Rural Electric Insurance Corporation (Federated) appeals from an order dismissing eleven of sixteen defendants for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## Background

Federated is an insurer of rural electric and telephone cooperatives. Defendants are rural electric cooperatives located in Washington, Idaho and Oregon that purchased policies covering the acts of directors, officers and managers (DOM policies). These DOM policies were all entered into, and all subsequent coverage changes were effected, while Federated was located in Wisconsin. In 1982, Federated relocated its headquarters to Kansas.

Several judgments were entered against the cooperatives due to acts of directors, officers and managers in connection with the Washington Public Power Supply System's default on public bonds (WPPSS). The cooperatives filed claims with and collected from Federated after Federated had relocated to Kansas.

Federated subsequently brought suit against the cooperatives, claiming that, at the time the cooperatives had either sought DOM policies or sought an increase in coverage, they had failed to apprise Federated of possible exposure to liability in connection with the WPPSS project. Fearing that they would not receive a fair trial in the state of Washington due to negative publicity associated with the WPPSS debacle, Federated filed this action in the United States District Court for the District of Kansas.

Defendants moved to dismiss under Fed. R.Civ.P. 12(b)(2) for lack of personal jurisdiction, arguing that they had insufficient contacts with Kansas. The district court dismissed as to eleven of the sixteen Defendants and Federated appealed, 812 F.Supp. 1139.

## Discussion

We review de novo a dismissal for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2). *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir.1988).

█ The jurisdiction of a district court over a nonresident defendant in a suit based on diversity of citizenship is determined by the law of the forum state. Fed.R.Civ.P. 4(e). The proper inquiry is, therefore, whether the exercise of jurisdiction is sanc-

† The Honorable John L. Kane, Jr., Senior United States District Judge for the District of Colorado, sitting by designation.

tioned by the long-arm statute of the forum state and comports with due process requirements of the Constitution. *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir.1990), *cert. denied*, 498 U.S. 1068, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991). Because the Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 740 P.2d 1089, 1092 (1987), we proceed directly to the constitutional issue.

■ "Minimum contacts" is the touchstone for our personal jurisdiction analysis. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). A nonresident defendant must have "minimum contacts" with the forum state such that a court may view that defendant as having "purposefully availed" itself of the protection and benefits of the laws of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473–76, 105 S.Ct. 2174, 2182–84, 85 L.Ed.2d 528 (1985). Once minimum contacts have been established, the court must ensure that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1979) (quoting *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158).

■ Here, Federated alleged two kinds of contact between defendants and the state of Kansas: (1) "tombstone" advertisements in the Midwest edition of the *Wall Street Journal* concerning the offering of WPPSS bonds, and (2) the "continuing fraud" perpetrated by Defendants in filing claims against their DOM policies while plaintiff was located in Kansas. We have previously held that evidence of mere placement of advertisements in nationally distributed papers or journals does not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser. *Williams v. Bowman Livestock Equipment Co.*, 927 F.2d 1128, 1131 (10th Cir.1991). We see no reason to question this precedent.

■ As for the filing of insurance claims while Federated was located in Kansas, the case of *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415 (10th Cir.1988), offers helpful instruction. In *Rambo*, plaintiffs, Alabama residents, insured a tractor trailer truck with American Southern Insurance, a Georgia corporation. *Id.* at 1416. The tractor trailer was stolen in California while the Rambos were residents of Texas. *Id.* The Rambos filed a claim with American Southern during the time they were residents of Texas. *Id.* American Southern employed a Georgia corporation to investigate the theft. This corporation found the truck and hired a Texas corporation to repair the damage. *Id.* During the investigation the Rambos moved to Oklahoma where they eventually brought suit against all three corporations for deficient repair of the vehicle. *Id.* In holding that Oklahoma district court had no personal jurisdiction over the defendants, we reasoned that "'[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.'" *Id.* at 1419 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)). "The Oklahoma contacts were fortuitous, resulting from the Rambos' change of residence *after* the insurance policy was issued and the claim was filed." *Rambo*, 839 F.2d at 1420 (emphasis in original).

■ Here, although the position of the parties is reversed, the situation is identical, as is the result. The unilateral act of an insurer in relocating its corporate headquarters does not create the necessary minimum contacts between the state of the insurer's relocation and its insureds. *See Rambo*, 839 F.2d at 1420. As previously stated, defendants all entered into DOM policies with plaintiff, and made any changes to them, while plaintiff was located in Wisconsin. The fortuitous move of Federated's headquarters to Kansas does not contribute to any activity of defendants purposefully directed at Kansas so that defendants would benefit from or be protected by Kansas law.

AFFIRMED. All pending motions are DENIED.