PHILLIPS USA, INC., and William
Felton & Company Pty.,
Limited, Plaintiffs,

v.

ALLFLEX USA, INC., Allflex Holdings, Limited, Allflex New Zealand, Limited, Allflex North American Holdings, Inc., Allflex, S.A., S.F.I.E., Allflex Group Holdings, Limited, Mirabelle Palmerston North, Limited, Sfie New Zealand, Limited, Runymede Eighteen, Limited, and N.J. Phillips, Pty., Limited, Defendants.

No. 94–2012–JWL.

United States District Court,
D. Kansas.

June 28, 1994.

Paul P. Hasty, Jr., Richmond M. Enochs, Karl W. Kuckelman, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, KS, for Phillips USA Inc., William Felton & Company Pty., Ltd.

Kathleen A. McNamara, Jolley, Walsh & Hager, P.C., Kansas City, MO, Dennis G. Martin, Blakely, Sokoloff, Taylor & Zafman, Los Angeles, CA, C. Dickinson Hill, Los Angeles, CA, for Allflex USA, Inc., Allflex Holdings, Ltd., Allflex New Zealand, Ltd., Allflex North American Holdings, Inc., Allflex, S.A., S.F.I.E., Allflex Group Holdings, Ltd., Mirabelle Palmerston North, Ltd., S.F.I.E. New Zealand, Ltd., Runymede Eighteen, Ltd.

William R. Sampson, Paul W. Rebein, Shook, Hardy & Bacon, Overland Park, KS, for N.J. Phillips Pty., Ltd.

LUNGSTRUM, District Judge.

## MEMORANDUM AND ORDER

### I. INTRODUCTION

This matter is currently before the court on the motion of defendant, Allflex North American Holdings, Inc. ("ANAH"), to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. # 20). Defendant contends that there is a lack of sufficient contacts between the defendant and the state of Kansas to support personal jurisdiction consistent with the requirements of due process. For the reasons set forth below, the court

finds that plaintiffs, Phillips USA, Inc. ("Phillips USA") and William Felton & Company Pty., Ltd. ("Felton & Co."), have not met their burden to make a prima facie showing that the exercise of personal jurisdiction over defendant ANAH is proper. Defendant's motion to dismiss (Doc. # 20) is, therefore, granted.

In their complaint, plaintiffs allege that ANAH tortiously interfered with plaintiffs' contractual rights and business expectations; that ANAH conspired to induce Allflex USA, Inc. to breach its contract with Phillips USA and to breach its fiduciary duty to Phillips USA; and that ANAH tortiously interfered with the contractual relationship and business opportunities between Phillips USA and Allflex USA, Inc. Plaintiffs allege personal jurisdiction on the basis of the following[1]: (1) defendant has transacted business within the state and plaintiffs' claims arise from that business; (2) defendant has caused injury to plaintiffs in Kansas while engaged in the sale, processing or importing of products used or consumed in Kansas in the ordinary course of trade or business; (3) defendant has committed tortious acts within the state of Kansas.

Defendant contends that it is solely a holding company, its only subsidiary being defendant Allflex USA, Inc., and that it has established no contacts with the state of Kansas. It argues that plaintiffs have failed to plead any specific facts in support of their claims nor have they alleged or offered any proof of facts which could support the exercise of personal jurisdiction over ANAH.

## II. STANDARD ON A MOTION PURSUANT TO FED.R.CIV.P. 12(b)(2).

■ A plaintiff has the burden of establishing that personal jurisdiction may properly by exercised over a particular defendant. Plaintiff's burden, however, varies depending upon the procedure used to determine the issue. Prior to trial, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, a plaintiff need only make a prima facie

showing that the court may properly exercise personal jurisdiction over the defendant. *Carrothers Constr. Co. v. Quality Service & Supply, Inc.*, 586 F.Supp. 134, 135–36 (D.Kan.1984).

■ In ascertaining the facts necessary to establish jurisdiction, allegations in the complaint are accepted as true to the extent that they are uncontroverted by submitted affidavits. *Pytlik v. Professional Resources, Ltd.*, 887 F.2d 1371, 1376 (10th Cir.1989); *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). All factual disputes are resolved in plaintiff's favor. If both plaintiff and defendant produce supporting evidence and affidavits, "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party...." *Id.*; *Hall v. National Basketball Ass'n*, 651 F.Supp. 335, 336 (D.Kan.1987). However, when a defendant has properly challenged personal jurisdiction, and has produced evidence in support thereof, a plaintiff has a duty to come forward with competent proof of facts which support the jurisdictional allegations of its complaint. *Pytlik*, 887 F.2d at 1376.

■ In a diversity case a plaintiff must satisfy the requirements of the forum's long-arm statute as well as the federal Constitution to establish personal jurisdiction. *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir.1990). The Kansas long-arm statute is liberally construed to assert personal jurisdiction over nonresidents to the full extent permitted by the Due Process Clause of the Fourteenth Amendment. *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 777, 740 P.2d 1089 (1987). Thus, the inquiry into the applicability of the Kansas long-arm statute and due process requirements are essentially the same.

■ The Tenth Circuit has endorsed a three-part test to determine whether a nonresident defendant's contacts with the forum are sufficient to warrant the exercise of per-

---

[1] ANAH is a corporation organized under the state of Delaware. Plaintiffs allege that it has its principal place of business in the state of Texas.

sonal jurisdiction. *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1419 n. 6 (10th Cir.1988). First, the defendant must have sufficient contacts with the forum state so that the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Second, the defendant must have purposefully availed itself of the benefits of conducting activities in the forum state. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Third, the quality and nature of the defendant's contacts must be such that it is reasonable to require the defendant to appear in the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528. *International Shoe,* 326 U.S. at 317, 66 S.Ct. at 158–59. The primary concern of the due process analysis is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp.,* 444 U.S. at 297, 100 S.Ct. at 566–67.

## III. DISCUSSION

Defendant, ANAH, has challenged plaintiffs' jurisdictional allegations by offering and attaching to its memorandum the detailed declaration from David C. Warren, an officer and director of ANAH. In it he states that ANAH is a holding company which engages in *no* regular business activity. He states during the time period relevant in this action, ANAH has had no payroll or employees anywhere, has had no office or held property in Kansas, has had no bank account nor done any advertising in Kansas, and has had no dealings with either plaintiff. He further states that ANAH has no substantial assets other than ownership of shares of Allflex USA, engages in no commercial activity and has never manufactured any product, nor purchased any product for resale, nor acted as a representative to the sale of any product. Finally, he states ANAH has never sold, processed or imported products which were used or consumed in Kansas, and as a

holding company with no staff and no business activity, has had no involvement in any activities or discussions concerning any of the products or relationships which are the subject of plaintiffs' complaint. ANAH has also attached the deposition testimony of David Warren in which he states that ANAH is purely a "shell" corporation.

■ In opposition to defendant's motion, plaintiffs have attached no evidence in support of their claim that jurisdiction is proper, but rather rely solely on the allegations of their complaint and the arguments of their brief. Although the burden on plaintiffs to present a prima facie showing of personal jurisdiction is not a heavy one, plaintiffs are required to produce some evidence to rebut defendant's evidence supporting its jurisdictional challenge. *Pytlik,* 887 F.2d at 1376. Plaintiffs are, at the very least, required to allege specific facts which could support the court's exercise of jurisdiction over the defendant. *American Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.,* 710 F.2d 1449, 1454 (10th Cir.1983) (conclusory allegations in complaint and brief are insufficient to withstand motion to dismiss).

■ Plaintiffs have clearly not met their burden to show that the exercise of personal jurisdiction over ANAH is proper, i.e., would comport with the requirements of due process, either because: (1) ANAH has conducted business in this state; or (2) because ANAH has sold, processed or imported products which were used or consumed in the state of Kansas and caused injury here. Not only is there a lack of evidence that ANAH conducted business or sold, processed, or imported any products, but there is a lack of specific factual allegations (absent in both the complaint and plaintiffs' memorandum) which could support a contention that such business was engaged in by ANAH. The court can only find that plaintiff has not met its burden to make a prima facie factual showing of personal jurisdiction over ANAH on these particular averments of the complaint.

■ In addition, the court finds that plaintiffs have not met their burden to allege specific facts, and to proffer evidence in support of those facts, which would tend to show

that ANAH is subject to the jurisdiction of this court because it has committed tortious acts in this state. Plaintiffs have not alleged any specific facts surrounding the alleged tortious activity (or any activity) which would indicate that ANAH has engaged in conduct or established a connection with the state of Kansas such that it could reasonably anticipate being haled into court here. *See World–Wide Volkswagen Corp.*, 444 U.S. at 297, 100 S.Ct. at 566–67.

██ Plaintiffs' belief that the allegation that David Warren is the president of ANAH and that he has committed a tortious act in the state of Kansas is prima facie evidence of the appropriateness of personal jurisdiction over ANAH is misplaced. Plaintiffs have not offered any proof that Mr. Warren did *anything* in his capacity as an officer of ANAH which would establish contacts with the state of Kansas. There has been no evidence tendered in response to Mr. Warren's declaration to indicate that Mr. Warren acted on behalf of ANAH in any matter in connection with this lawsuit. Plaintiff alleges only that Mr. Warren is an officer of two corporations and that further discovery will reveal in what capacity he was acting when he committed "tortious acts" in the state of Kansas.

While the court must consider the allegations of plaintiffs' complaint as true, "only the well-pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Ten Mile Indus. Park v. Western Plains Service Corp.*, 810 F.2d 1518, 1524 (10th Cir.1987) (citing *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976)). Plaintiff has the duty to support jurisdictional allegations by "competent proof of the supporting facts." *Pytlik*, 887 F.2d at 1376. Plaintiffs have not offered competent proof, or indeed any proof, that Mr. Warren has acted on behalf of ANAH or has acted on behalf of ANAH such that he has established contacts with the state of Kansas attributable

to the corporation. Plaintiffs have not even *alleged* that Mr. Warren has acted on behalf of ANAH with regard to matters at issue here.

## IV. CONCLUSION

The decision to grant a motion to dismiss for lack of personal jurisdiction on the basis of affidavits and other written materials lies within the court's sound discretion. *See Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir.1992). The court believes that plaintiffs have had sufficient time to conduct discovery which would, if the requisite evidence existed, have permitted them to make a prima facie showing that ANAH is amenable to personal jurisdiction in Kansas.[2] Thus, the court does not deem it unfair to plaintiffs to dismiss their claims against ANAH at this time on the basis that plaintiffs have not made a minimal showing of proof, a prima facie showing, in support of the exercise of personal jurisdiction over defendant ANAH.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion of defendant Allflex North American Holdings, Inc., to dismiss for lack of personal jurisdiction (Doc. # 20) is granted.

**IT IS SO ORDERED.**

---

**2.** Although plaintiffs have not requested additional time for discovery on the issue of personal jurisdiction as to ANAH, they have noted in passing that "due to the fact that discovery has not yet been completed, it is unclear whether David Warren, at the time these acts were committed, was acting in his capacity" as president of ANAH. Plaintiff filed this action almost six months ago, sufficient time in which to conduct the minimal discovery required here has elapsed. Moreover, plaintiff has the benefit of discovery in previous litigation, against ANAH and others on the issues which are the subject matter of this lawsuit, which was filed in December of 1992 but then dismissed without prejudice shortly before the filing of this action.