Cynthia Sue **KOHNLE**, Plaintiff,

v.

**U.S. TELECOM, INC.** d/b/a Sprint Telemedia f/k/a Sprint Gateways, Ralph Reid, Cynthia Hunt, David Leek, Thomas Murphy, and Matty Morey, Defendants.

Civil Action No. 96–2439–GTV.

United States District Court,
D. Kansas.

March 20, 1997.

Henry R. Cox, Michael Edwin Norton, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, for Cynthia Sue Kohnle.

Brian J. Finucane, James R. Holland, II, Bioff, Singer & Finucane, Kansas City, MO, Stephany J. Newport. Sprint Communications Co., L.P., Law Dept., Kansas City, MO, for U.S. Telecom, Inc.

William F. Ford, Patrick M. Gavin, Lathrop & Gage, L.C., Kansas City, MO, for Ralph Reid, Cynthia Hunt, David Leek, Thomas Murphy and Matt Morey.

Sharon D. Hess, James R. Holland, II, Bioff, Singer & Finucane, Kansas City, MO, Stephany J. Newport, for Sprint/United Management Co.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case comes before the court on defendant Cynthia Hunt's identical motions to dismiss for lack of personal jurisdiction (Docs. 24 & 43). For the reasons set forth below, the motions are granted.

### I. Background

Plaintiff commenced this action against an array of defendants asserting claims of age discrimination, race discrimination, sex discrimination, wrongful discharge, outrage, defamation, tortious interference with existing contractual relations, and tortious interference with prospective business relations. The case arises out of plaintiff's October 13, 1995 termination from Sprint and the alleged defamatory statements made by Sprint's managers regarding the reasons for her discharge.

Only the claims directed at defendant Cynthia Hunt are at issue here. Hunt is a sales representative for Sprint at its offices in St. Louis, Missouri. Plaintiff alleges that in late October 1995, Hunt called Don Simpson, co-owner and vice-president of TeleChip, Inc., at his offices in New Jersey and erroneously told him that plaintiff had been caught stealing prepaid telephone calling cards. (Pl.'s First Am. Compl. ¶ 71). Plaintiff contends that Hunt's statements were made with malicious intent and implied that she could not be trusted, thereby harming her business reputation and potential career development. (Pl.'s First Am. Compl. ¶¶ 80–81). Hunt insists that she has no relevant contacts with this forum and is, therefore, beyond the jurisdiction of the court.

## II. Standards

The standard governing motions to dismiss for lack of personal jurisdiction is well established:

> The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a *prima facie* showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party.

*Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984) (citations omitted); *accord Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir.1995).

## III. Discussion

■ In federal question actions, a two-step analysis is used to determine if the court has personal jurisdiction over a non-resident defendant. First, the court must consider whether the defendant's conduct falls within the applicable long-arm statute. In the absence of a federal statute governing jurisdiction, as is the case here, the court applies the long-arm statute of the state in which it sits. *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 108–10, 108 S.Ct. 404, 411–13, 98 L.Ed.2d 415 (1987). Second, the court must assess whether exercising jurisdiction would violate the constitutional guarantee of due process. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Because the Kansas long-arm statute, K.S.A. § 60–308(b), is construed liberally to allow jurisdiction to the full extent permitted by due process, these two steps involve essentially identical inquiries. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.,* 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Resources, Inc. v. Devine,* 241 Kan. 775, 740 P.2d 1089, 1092 (1987)). The court, therefore, will proceed directly to the constitutional analysis.

■ Plaintiff's claims against Hunt revolve entirely around a telephone call that Hunt allegedly made from her office in St. Louis, Missouri to a company located in New Jersey. Hunt insists that this single call is insufficient to subject her to personal jurisdiction in this court. In response, plaintiff contends that although Hunt committed her tortious act outside this forum, the effect of the libelous conduct was to injure plaintiff's reputation and business activities in Kansas. Plaintiff avers that under the "effects" test of *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), jurisdiction is proper in this court.

In *Calder,* a professional entertainer residing in California brought suit in a California state court against the reporter and editor of the National Enquirer alleging libel, invasion of privacy, and intentional infliction of emotional harm. *Id.* at 785, 104 S.Ct. at 1484–85. Although the allegedly libelous article had been written and published in Florida, where the tabloid is based, the United States Supreme Court noted that defendants' "actions were expressly aimed at California" and defendants knew that "the brunt of [plaintiff's] injury would be felt by [her] in the State in which she lives and works and in which the National Enquirer has its largest circulation." *Id.* at 789–90, 104 S.Ct. at 1487. The Court held that because defendants intentionally calculated their conduct to cause plaintiff injury in California, jurisdiction was proper in that forum. *Id.* at 791, 104 S.Ct. at 1488.

■ In interpreting *Calder,* the Tenth Circuit has observed that the Supreme Court did not expand the scope of personal jurisdiction as broadly as many litigants portend.

> [T]he mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts. Instead, in order to resolve the jurisdictional question, a court must undertake a particularized inquiry as to the extent to which the defendant has purposefully

availed itself of the benefits of the forum's laws.

*Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1079 (10th Cir.1995). Moreover, one year after handing down its *Calder* opinion, the Supreme Court specifically held that the "foreseeability of causing injury in another State ... is not a sufficient benchmark for exercising personal jurisdiction." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). For purposes of due process analysis, the critical foreseeability issue is whether "the defendant's conduct and connection with the forum State are such that [she] should reasonably anticipate being haled into court there." *Id.* (citing *World–Wide Volkswagen Corp.* v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).

■ Because plaintiff maintains that her injuries arise out of the tortious conduct that Hunt allegedly directed toward this forum, the constitutional minimum contacts analysis focuses on *specific* jurisdiction. *Kuenzle v. HTM Sport–Und Freizeitgerate AG,* 102 F.3d 453, 455 (10th Cir.1996)(citing *Burger King,* 471 U.S. at 472, 105 S.Ct. at 2181–82). The Tenth Circuit utilizes a three-part test to determine the appropriateness of exercising specific jurisdiction:

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which [she] purposefully avails [herself] of the privilege of conducting activities in the forum, thereby invoking the benefits and projections of its laws; and

(2) The claim must be one which arises out of or results from the defendant's forum-related activities; and

(3) Exercise of jurisdiction must be reasonable.

*Rambo v. American S. Ins. Co.,* 839 F.2d 1415, 1419 n. 6 (10th Cir.1988). The court finds that plaintiff has satisfied none of these elements.

■ First, there is nothing in the record to indicate that Hunt purposefully availed herself of the privilege of conducting business in Kansas. The fact that the court has

jurisdiction over her corporate employer does not establish jurisdiction over her. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781, 104 S.Ct. 1473, 1481–82, 79 L.Ed.2d 790 (1984). Moreover, other than a telephone call from Missouri to New Jersey, which allegedly harmed plaintiff in Kansas, Hunt appears to have no contacts with this state. A single act, even if related to the forum, is not sufficient to establish jurisdiction if its "nature and quality and the circumstances of [its] commission create only an 'attenuated' affiliation with the forum." *Burger King,* 471 U.S. at 476 n. 18, 105 S.Ct. at 2184 n. 18 (citations omitted). The "purposeful availment" requirement guarantees that individuals will not be "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.* at 475, 105 S.Ct. at 2183.

■ Second, plaintiff advances no evidence to support or clarify her allegation that she suffered injury in Kansas. A defamatory statement communicated from a Missouri-based Sprint manager to an executive of a New Jersey corporation does not, without more, translate into a Kansas injury. Plaintiff gives no indication that the New Jersey company transacts business in Kansas or that she may rely on the company in her future business dealings. The mere fact that plaintiff resides in this forum does not mean it is reasonable to subject defendant to jurisdiction here.

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Burger King,* 471 U.S. at 474–75, 105 S.Ct. at 2183.

Although the court must construe the pleadings in a light most favorable to plaintiff, it is she who bears the burden of establishing personal jurisdiction over defendant.

*Wenz,* 55 F.3d at 1505. Plaintiff has not demonstrated that exercising jurisdiction over Hunt comports with due process requirements.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Cynthia Hunt's motions to dismiss for lack of personal jurisdiction (Docs. 24 & 43) are granted.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**