SPRINT CORPORATION, Plaintiff,

v.

Dominick DEANGELO, Defendant.

No. Civ.A. 98–2237–KHV.

United States District Court,
D. Kansas.

June 19, 1998.

---

Jeffrey M. Place, Spencer, Fane, Britt & Browne, Kansas City, MO, for Plaintiff.

James D. Griffin, Stephen J. Torline, Blackwell, Sanders, Peper, Martin, LLP, Overland Park, KS, for Defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Sprint Corporation brings suit against its former employee, Dominick DeAngelo, for breach of a non-competition clause in his contract of employment. Sprint seeks a preliminary injunction which prohibits defendant from working for IXC Corporation pending a final adjudication of its claim. This matter comes before the Court on *Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction* (Doc. # 13) filed June 9, 1998.

For reasons stated more fully below, defendant's motion to dismiss for lack of personal jurisdiction is overruled.

### Motions to Dismiss

The Court has discretion to consider a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), Fed.R.Civ. P., on the basis of the affidavits and other written material. *Behagen v. Amateur Basketball Ass'n of U.S.A.* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). At this stage of the proceedings, Sprint must make only a prima facie showing of jurisdiction to avoid dismissal. *Id.; Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995)(where no evidentiary hearing and motion to dismiss for lack of jurisdiction is decided on basis of affidavits and other written material, plaintiff need only make prima facie showing of jurisdiction). Of course, plaintiff eventually must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. Until such a hearing is held, however, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party to defeat the motion. *Behagen,* 744 F.2d at 733; *Stephenson v. Frizzell Intern., Ltd.,* 812 F.Supp. 1132, 1135 (D.Kan. 1993); *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2nd Cir.1981); *Brown v. Flowers Indus., Inc.* 688 F.2d 328, 332 (5th Cir.1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983).

In analyzing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court applies a two-part test. First, it determines if defendant's conduct falls within one of the provisions of the Kansas long-arm statute. Second, it determines whether defendant had sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due process. *See Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir.1990).

### Facts

In accord with these standards, the Court finds that Sprint has made a prima facie showing of the following facts:

Defendant entered into an employment contract with Sprint, a Kansas corporation. The contract, entitled "Agreement Regarding Special Compensation and Post Employment Restrictive Covenants," specified the terms and conditions of defendant's employment, and included a non-competition clause. Defendant signed the agreement in Virginia; Sprint's representative signed it in Kansas. The agreement contained a Kansas choice of law provision.

Defendant currently resides in Virginia, where he has lived throughout his employment with Sprint. He made regular visits to Kansas City, Missouri, however, in connection with his employment. During those visits he frequently stayed in Overland Park, Kansas, and attended meetings in Kansas. During eleven years of employment with Sprint, defendant attended five or six meetings in Kansas each year, for a total of at least 55 meetings. Sprint reimbursed defendant's expenses for these trips. Finally, defendant made regular telephone calls to Kansas from Virginia and other parts of the country during his employment with Sprint.

## Analysis

Defendant seeks dismissal under Rule 12(b)(2), Fed.R.Civ.P. In determining whether the Court has personal jurisdiction over a non-resident defendant, it applies the Kansas long-arm statute, K.S.A. § 60–308, and the due process clause of the United States Constitution. *Equifax*, 905 F.2d at 1357.

### A. Kansas Long–Arm Statute

 Under the Kansas long-arm statute, a person submits to the jurisdiction of the courts of Kansas as to any cause of action arising from certain acts, including transaction of any business within this state, K.S.A. § 60–308(b)(1), and entering into an express or implied contract with a resident of this state, to be performed in whole or in part by either party within this state, K.S.A. § 60–308(b)(5). Kansas courts construe the long-arm statute liberally to assert personal jurisdiction over nonresident defendants. *Equifax*, 905 F.2d at 1357 (citing *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 740

P.2d 1089 (1987)). It is undisputed that defendant entered into a contract with Sprint, and that defendant attended Sprint business meetings in this state dozens of times during a period of years. Furthermore, defendant concedes that partial performance of the contract occurred in Kansas. Jurisdiction therefore exists under the long-arm statute.[1] Accordingly, the Court finds that Sprint has established a prima facie case that defendant's conduct falls within the provisions of both K.S.A. § 60–308(b)(1) and K.S.A § 60–308(b)(5), and turns to the question whether defendant has sufficient minimum contacts with Kansas to comport with constitutional due process.

### B. Due Process

Due process requires "minimum contacts" between the nonresident defendant and the forum state. *International Shoe Co. v. State of Wash.*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). These contacts must be such that defendant has purposefully availed himself of the privilege of conducting the activities within the state. *Hanson v. Denckla*, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Defendant must reasonably be able to anticipate being haled into court in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Also, jurisdiction in the particular case must be reasonable so as not to offend traditional notions of fair play and substantial justice. *Heating and Cooling Master Marketers Network, Inc. v. Contractor Success Group, Inc.*, 935 F.Supp. 1167 (D.Kan.1996); *Pehr v. Sunbeam Plastics Corp.*, 874 F.Supp. 317, 320 (D.Kan.1995); *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417, 1419 (10th Cir.1988).

 Defendant asserts that he does not have sufficient minimum contacts with Kansas to satisfy due process. In support of his argument, defendant notes that he has not resided in Kansas; that he signed the agreement in Virginia; that he received Sprint's

---

At oral argument before the Court on the pending motions held June 9, 1998, defendant conceded that the Kansas long-arm statute authorizes the exercise of personal jurisdiction over

defendant. Defendant's argument is that Kansas cannot constitutionally exercise the jurisdiction which the long-arm statute authorizes.

job offer in Virginia, from a Sprint employee who was then in Missouri; that he negotiated his employment contract in Virginia with Sprint employees who were Virginia residents; that the employment contract notes that jurisdiction is not limited to any specified location; that he reported to and received assignments from Sprint supervisors in states other than Kansas; and that he submitted no expense reports to Kansas.

■ An employment contract with an employer cannot alone justify personal jurisdiction in the employer's state.[2] On the other hand, the mere fact that defendant carried out much of his employment duties outside of Kansas cannot defeat jurisdiction. *Equifax,* 905 F.2d at 1359 (citation omitted). The central concern of our inquiry is not the extent of defendant's non-forum-related activities, but rather, the relationship among defendant, the forum, and the litigation. *Id.* (citation omitted). In this case, defendant, a Virginia resident, entered into an employment contract with Sprint, a Kansas resident. During the course of his employment with Sprint, defendant attended numerous business meetings in Kansas. Those meetings related directly to his employment.

Defendant argues that because Sprint unilaterally reached out to bring him into the state, by requiring him to attend meetings in Kansas, he did not *purposefully* avail himself of the benefits of Kansas law or direct his activities to Kansas. But when forum contacts are a natural result of an interstate contractual relationship, that fact indicates purposeful affiliation with the forum. *Id.* Defendant's contacts with this state occurred during the course of defendant's employment with Sprint. It is of no consequence that Sprint required defendant to attend those meetings. Indeed, participating in work-related activities at the direction of one's employer is a fundamental aspect of employment. Defendant's contacts with Kansas

were a natural result of his contractual relationship with Sprint, and they evidence purposeful affiliation with this forum.

Defendant seeks to de-emphasize his contacts with this state. He describes the numerous meetings which he attended in Kansas as "isolated" and "only a handful of visits." He also asserts that no harm to Sprint arose from his contacts with Kansas. Whether his attendance at the business meetings in Kansas harmed Sprint, the number of meetings he attended here was not small; by his own evidence, it was 55 or more over a course of eleven years. Defendant's contacts with this state were anything but isolated.

Defendant's attendance at business meetings here is not the only relevant factor that weighs in favor of personal jurisdiction. Other relevant factors include the fact that the employment contract included a Kansas choice of law provision, *id.,*[3] and the legitimate interest of the State of Kansas in holding defendant answerable on a claim related to his contacts with the state, *id.* at 1361.[4]

In *Continental American Corp. v. Camera Controls Corp.,* 692 F.2d 1309, 1314 (10th Cir.1982), the Tenth Circuit recognized that "modern commercial transactions often involve little contact with the forum beyond that of mail and telephone communications." In this case we have more than mere mail or telephone contacts. Defendant attended dozens of meetings here. He frequently stayed here during those visits. Sprint reimbursed his expenses for those visits. In light of the quality and extent of defendant's contacts with Kansas, it is not unfair or unjust for this Court to assert personal jurisdiction over him. Clearly defendant has purposefully availed himself of the protection and benefits of Kansas laws such that he could reasonably anticipate being haled into court here. *See*

---

2. *Burger King,* 471 U.S. at 478, 105 S.Ct. 2174; *Equifax,* 905 F.2d at 1358.

3. In *Equifax,* the court said, "the fact that defendant's employment contract provided it would be governed by Kansas law also reinforces defendant's 'deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there.'" *Equifax,* 905 F.2d at 1359 (citing *Burger King,* 471 U.S. at 482, 105 S.Ct. 2174).

But see *Green Country Crude, Inc. v. Avant Petroleum, Inc.,* 648 F.Supp. 1443, 1451 (D.Kan. 1986)(choice of law analysis distinct from minimum contacts jurisdictional analysis).

4. Another potentially relevant factor would be the burden on defendant in litigating in this forum. Defendant does not raise that issue, however, and we do not address it.

*World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Therefore it is not unreasonable for this Court to exercise personal jurisdiction over defendant.

**IT IS THEREFORE ORDERED** that *Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction* (Doc. # 13) filed June 9, 1998, be and hereby is **OVERRULED.**