SNYDER INDUSTRIES, INC., Plaintiff,

v.

CLAWSON CONTAINER COMPANY, Defendant.

No. Civ.A. 97–2140–KHV.

United States District Court,
D. Kansas.

Jan. 30, 1998.

Thomas H. Van Hoozer, Warren N Williams, Robert D. Hovey, Hovey, Williams, Timmons & Collins, Kansas City, MO, for Snyder Industries, Inc., plaintiff.

J. Michael Grier, Blackwell, Sanders, Matheny, Weary & Lombardi L .L.P., Overland Park, KS, William H Francis, Barnes, Kisselle, Raisch, Choate, Whittemore & Hulbert, P.C., Detroit, MI, for Clawson Container Company, defendant.

## *MEMORANDUM AND ORDER*

VRATIL, District Judge.

Clawson Container Company asks the Court to dismiss this action for lack of personal jurisdiction, improper venue, insufficient process and insufficient service of process under Fed.R.Civ.P. 12(b)(2) through (5), and seeks transfer to the Eastern District of Michigan under 28 U.S.C. § 1406(a). Alternatively, if jurisdiction and venue are proper in the District of Kansas, Clawson asks the Court to transfer the case to the Eastern District of Michigan under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses. *See Clawson's Motion To Dismiss Or Transfer And For Other Relief* (Doc. # 13) filed May 9, 1997. Defendant's motion raises two primary questions: first, whether defendant is amenable to service under the Kansas long-arm statute; and second, whether the exercise of personal jurisdiction over defendant is consistent with due process under the Constitution.

Upon request of the parties, the Court allowed discovery on these issues. The evidence is now at hand and the issues have been fully argued. For the reasons set forth below, the Court finds that personal jurisdiction and venue are proper in Kansas, and that Michigan is not materially more convenient for the parties and witnesses in this action. Accordingly, Clawson's motion is overruled.

### *Legal Standards*

The standard which governs a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), Fed.R.Civ.P., is well-established. Plaintiff bears the burden of establishing personal jurisdiction over defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in plaintiff's favor, and plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985); *see also Williams v. Bowman Livestock Equip. Co.,* 927 F.2d 1128, 1130–31 (10th Cir.1991); *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir.1988). The procedure to decide a motion to dismiss for improper venue is generally the same as for deciding a motion to dismiss for lack of personal jurisdiction. *See Electronic Realty Assocs. v. Paramount Pictures Corp.,* 935 F.Supp. 1172, 1175 (D.Kan.1996) (citing *M.K.C. Equip. Co., Inc. v. M.A.I.L.Code, Inc.,* 843 F.Supp. 679, 682 (D.Kan.1994)).

### *Facts*

In accord with these standards, the Court finds that plaintiff has made a prima facie showing of the following facts:

Plaintiff Snyder Industries, Inc., is a Nebraska corporation with its principal place of business in Nebraska. Defendant is a Michigan corporation with its principal place of business in Michigan. Plaintiff manufactures plastic bulk storage containers, including a line of containers known as "Square Stackables." These containers are covered by plaintiff's U.S. Patent No. 5,490,603. Plaintiff claims that two of defendant's products— the "Rock Tank" and the "Spider Tank" [the tanks]—infringe on its patent under Title 35, United States Code. Plaintiff also claims that Clawson's adoption, sale and distribution of the Rock Tank trade dress constitute a false

designation of origin in violation of 15 U.S.C. § 1125(a), and trade dress infringement and unfair competition under Kansas common law.

Plaintiff claims that jurisdiction and venue are appropriate in the District of Kansas because Clawson promoted, shipped and offered to sell tanks to Harcros Chemical in Kansas City, Kansas. According to plaintiff, Harcros Chemical purchased non-infringing products from Clawson for several years. In February 1997, Clawson sent two tanks to Harcros Chemical for a presentation by Clawson. After the presentation, Harcros Chemical returned the tanks to Clawson, without making a purchase.[1]

Between 1993 and 1996, Clawson paid sales tax to the State of Kansas on sales of *non*-infringing products which totaled at least $177,000. In addition, Clawson rented non-infringing tanks to at least one Kansas business.

A promotion for the Spider Tank appeared once in each of two trade journals (*Waterworld* and *Powder/Bulk Solids* ), which had a combined circulation of 1,200 copies in Kansas. Defendant did not pay for the promotions, but it solicited them by sending "new product" press releases to approximately 80 trade magazines.

### Analysis

■ In analyzing a motion to dismiss for lack of jurisdiction, the Court applies a two-part test. First, it determines if defendant's conduct falls within one of the provisions of the Kansas long-arm statute. Second, it determines whether defendant had sufficient minimum contacts with the State of Kansas to satisfy the constitutional guarantee of due

process. *See Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir.1990).[2] Under the Kansas long-arm statute, "[a]ny person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts." K.S.A. § 60–308(b). Plaintiff asserts that defendant is subject to personal jurisdiction under the long-arm statute because it transacted business within the state under K.S.A. § 60–308(b)(1), and because it committed a tortious act within the state under K.S.A. § 308(b)(2).

### A. Kansas long-arm statute

■ The Kansas long arm statute is liberally construed to assert personal jurisdiction over nonresidents to the full extent permitted by the Due Process Clause. *Equifax,* 905 F.2d at 1357 (quoting *Volt Delta Resources, Inc. v. Devine,* 241 Kan. 775, 777, 740 P.2d 1089, 1092 (1987)). Under the long-arm statute, however, the contacts must also be related to plaintiff's cause of action. *See* K.S.A. § 60–308(b). In the present case, defendant initiated two contacts which are related to plaintiff's cause of action: (1) it presented the infringing products to Harcros Chemical in Kansas City, Kansas in February, 1997; and (2) it solicited the Spider Tank promotion which trade magazines distributed to 1,200 Kansas addresses.

■ Patent infringement is a tort and offering to sell a patented invention is a form of patent infringement. *See* 35 U.S.C. § 271(a) ("[w]hoever without authority

1. Plaintiff characterizes this shipment as a "sales presentation ." Defendant characterizes it as an "approval process" which was necessary before Clawson could supply tanks to Harcros Chemical plants in Tennessee and Oklahoma. In either case, defendant's activity was part of its effort to market the infringing products.

2. The United States Court of Appeals for the Federal Circuit has established a uniform body of federal case law which governs personal jurisdiction and venue determinations for patent infringement claims. *See Akro Corp. v. Luker,* 45 F.3d 1541, 1543 (Fed.Cir.) *cert. denied* 515 U.S. 1122, 115 S.Ct. 2277, 132 L.Ed.2d 281 (1995); *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21

F.3d 1558, 1564 (Fed.Cir.) *cert. dismissed* 512 U.S. 1273, 115 S.Ct. 18, 129 L.Ed.2d 917 (1994); *Lifting Technologies, Inc. v. Dixon Indus., Inc.,* 1996 WL 653391 at *2 (D.Mont.1996). For causes other than patent infringement, the Federal Circuit looks to the law of the regional circuit. *See Imagineering, Inc. v. Van Klassens, Inc.,* 53 F.3d 1260, 1263 (Fed.Cir.), *cert. denied,* 516 U.S. 909, 116 S.Ct. 277, 133 L.Ed.2d 197 (1995). The Tenth Circuit applies substantially the same analysis to personal jurisdiction issues as the Federal Circuit. *See e.g., Equifax,* 905 F.2d at 1358; *Taylor v. Phelan,* 912 F.2d 429, 432–33 (10th Cir.1990) *cert. denied* 498 U.S. 1068, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991).

makes, uses, offers to sell, or sells any patented invention ... infringes the patent."); *Beverly Hills,* 21 F.3d at 1569; *North Am. Philips v. American Vending Sales, Inc.,* 35 F.3d 1576, 1578–79 (Fed.Cir.1994) (state long-arm statutes satisfied under the tort provision.). Defendant argues that because it was merely trying to obtain approval to serve as a potential supplier to Harcros Chemical plants in Oklahoma and Tennessee, it never "offered to sell" the infringing products. The Court will not draw such a fine distinction between a "sales presentation" and an "approval process." Clawson sent its sales representative and the infringing products to Kansas for a presentation to a Kansas customer. Under the applicable standards set forth above, the Court finds that this contact is sufficient to establish a prima facie case of personal jurisdiction under K.S.A. § 60–308(b)(2).

Furthermore, jurisdiction is proper under K.S.A. § 60–308(b)(1). "Business" is transacted within the state when an individual is within or enters the state in person or by agent and, through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his economic conditions. *See Heating & Cooling Master Marketers Network Inc. v. Contractor Success Group, Inc.,* 935 F.Supp. 1167, 1170–71 (D.Kan.1996) (citing *Volt Delta Resources, Inc. v. Devine,* 241 Kan. 775, 778, 740 P.2d 1089, 1092 (1987)). Defendant did so here.

### B. Due Process

Due process requires "minimum contacts" between the nonresident defendant and the forum state. *International Shoe Co. v. State of Wash.,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).[3] The analysis for minimum contacts is largely the same as the analysis for the long-arm statute. *Raytheon Aircraft Credit Corp. v. Pal Air Intern., Inc.,* 923 F.Supp. 1408, 1414 (D.Kan.1996) (citations omitted). These contacts must be such that the defendant has purposefully availed itself of the privilege of conducting the activities within the state. *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2

L.Ed.2d 1283 (1958). The defendant must reasonably be able to anticipate being haled into court in the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985). Also, jurisdiction in the particular case must be reasonable so as not to offend traditional notions of fair play and substantial justice. *Heating and Cooling Master Marketers Network, Inc. v. Contractor Success Group, Inc.,* 935 F.Supp. 1167, 1996 WL 501888, *2 (D.Kan.1996), (citing *Rambo v. American S. Ins. Co.,* 839 F.2d 1415, 1417, 1419 (10th Cir.1988)); *Pehr v. Sunbeam Plastics Corp.,* 874 F.Supp. 317, 320 (D.Kan.1995).

■ The Court finds that Clawson had fair warning that shipping the allegedly infringing products to a Kansas customer and sending a salesperson to Kansas to present them would subject it to jurisdiction in the District of Kansas. The presentation was not an isolated occurrence whereby a product fortuitously found its way into the stream of commerce. Rather, it was a purposeful and direct contact with a Kansas customer. Under the applicable prima facie standard, the Court finds that plaintiff has met its burden of establishing that the exercise of personal jurisdiction would not violate due process. Moreover, while the product announcements may not serve as an independent basis for jurisdiction, this fact does not detract from the Court's prima facie finding of personal jurisdiction. *Compare SF Hotel Co. v. Energy Investments, Inc.,* 985 F.Supp. 1032, 1034 (D.Kan.1997) (general, national advertisement supplied no additional basis for imposing personal jurisdiction); *P.A.T. Co. v. Crimtec Corp.,* 1993 WL 257094 at *3 (D.Kan. June 7, 1993) (advertisements in national trade publications sent to Kansas not sufficient basis to establish minimum contacts).

### C. Venue

■ Venue in a patent infringement case "includes any district where there would be personal jurisdiction over the corporate de-

---

**3.** Because subject matter jurisdiction in this case is premised on federal question jurisdiction, the due process clause at issue is that of the Fifth Amendment. *See Beverly Hills Fan Co.,* 21 F.3d at 1560 n. 1. Nonetheless, the minimum contacts standard of *International Shoe* and its progeny apply. *See Akro Corp.,* 45 F.3d at 1544–45.

fendant at the time the action is commenced." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed.Cir. 1990) *cert. denied* 499 U.S. 922, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991) (1988 amendments to 28 U.S.C. § 1391(c) modify specific patent infringement venue provision, 28 U.S.C. § 1400(b)). Accordingly, venue · is proper because, as demonstrated above, plaintiff establishes a prima facie showing of personal jurisdiction over defendant.[4]

**D. Transfer of Venue**

■ The Court may transfer a case to any other district or division where it might have been brought originally for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a).[5] The Court should also consider the following factors:

the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage ·of having a local court determine questions of local law; and, ·all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991) (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)).[6]

■ The decision whether to grant a party's motion to transfer under Section 1404 is within the sound discretion of the district court and the party seeking the transfer has the burden · to demonstrate that transfer is appropriate. *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992). Defendant fails to carry its burden under this standard. The

Court must give great weight to plaintiff's choice of forum. *See Allstate Ins. Co. v. Employers Reinsurance Corp.*, 715 F.Supp. 1502, 1502 (D.Kan.1989). "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt*, 956 F.2d at 965 (quoting *William A. Smith Contracting Co., Inc. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972)). The District of Kansas is accessible to plaintiff and its witnesses (who primarily reside in Lincoln, Nebraska), by car. Steve Gripp, an important non-party witness from Harcros Chemical, is located in Kansas City, Kansas. Although defendant's witness primarily reside in Michigan, transferring the case there would merely shift the inconvenience of litigation to plaintiff. Without more, the Court will not disturb plaintiff's choice of forum.

**IT IS THEREFORE ORDERED** that *Clawson's Motion To Dismiss Or Transfer And For Other Relief* (Doc. # 13) filed May 9, 1997, is overruled.

**IT IS HEREBY FURTHER ORDERED** that this case be and hereby is scheduled for a scheduling conference on **February 12, 1998 at 3:00 p.m.**

---

**4.** Because defendant's objections to service of process and sufficiency of process also turn on the existence of personal jurisdiction, these objections also fail. *See* Fed.R.Civ.P. 4(k)(1), (2).

**5.** Because plaintiff had established a prima facie case that personal jurisdiction and venue are

proper, the Court considers defendant's request for a transfer of · venue under Section 1404(a) rather than under Section 1406(a).

**6.** Many of these factors do not apply to the present case, in which issues of federal law predominate.