John G. TOPLIFF, Plaintiff,

v.

ATLAS AIR, INC., Defendant.

No. 98–4196–DES.

United States District Court, D. Kansas.

July 8, 1999.

David O. Alegria, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for John G Topliff, plaintiff.

Diane P. Duvall, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, Mary Hurley Stuart, Holme, Roberts & Owen LLP, Denver, CO, for Atlas Air Inc, defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's Motion to Dismiss, or alternatively, Motion to Transfer (Doc. 5). Both parties have submitted briefs on this matter and the court is ready to rule.

## I. FACTUAL BACKGROUND

This case involves allegations by the plaintiff ("Topliff") that the defendant ("Atlas") terminated his employment in retaliation for filing a workers' compensation claim. Atlas filed the current motion seeking dismissal of the case on the grounds that this court lacks personal jurisdiction over it, and that the District of Kansas is not a proper venue for this case. In the alternative, Atlas argues that Colorado is a more convenient forum and asks the court to transfer this case to the District of Colorado pursuant to 18 U.S.C. § 1404(a).

Topliff, who is a resident of Kansas, filed suit against his former employer, Atlas, a Delaware corporation with its corporate headquarters and principal place of business in Colorado, claiming he had been wrongfully terminated. The basis for Topliff's allegation is that he was terminated in retaliation for filing a workers' compensation claim against Atlas in Kansas.

Atlas, an air freight shipping company, offered Topliff a job over the telephone while Topliff was at his home in Goodland, Kansas. Topliff accepted this job during that same telephone conversation. Topliff continued to live in Kansas during his employment with Atlas and traveled to Denver, or other locations, to report to work. Topliff was at his home in Kansas when Atlas called to terminate his employment.

Prior to his termination, Topliff had been injured while on a job in Brazil. Topliff filed a workers' compensation claim in New York which was later transferred to Kansas. Topliff contends that Atlas terminated him in retaliation for filing a workers' compensation claim, in violation of Kansas law.

Additional facts will be discussed below, when necessary.

## II. STANDARD OF REVIEW

■ The plaintiff has contended that because Atlas has submitted information outside the pleadings in support of this motion to dismiss, it should be treated as a motion for summary judgment under Fed. R.Civ.P. 56. The court finds that this argument is totally without merit. Rule 12(b) clearly states:

> If, **on a motion asserting the defense numbered (6) to dismiss for failure of the pleadings to state a claim upon which relief can be granted,** matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment and disposed of as provided in Rule 56. . . .

Fed.R.Civ.P. 12(b) (emphasis added). Atlas has not filed a motion to dismiss based upon a failure to state a claim upon which relief can be granted under Rule 12(b)(6) Atlas's motion to dismiss is based upon Rule 12(b)(2) and (3). The court has found nothing in the Federal Rules of Civil Procedure that makes Rule 56 applicable to motions filed under Rule 12(b)(2) and (3) when matters outside of the pleadings are presented. Several courts have held that other sections of Rule 12(b) are not treated the same as Rule 12(b)(6) when matters outside the pleadings are considered. *See, e.g., SK Finance SA v. La Plata County Bd. of County Com'rs,* 126 F.3d 1272, 1275 (10th Cir.1997) (holding that motions to dismiss filed under Rule 12(b)(1) are not converted to motions for summary judgment when matters presented outside of the pleadings are considered by the court);

*Sunwest Silver, Inc. v. International Connection, Inc.,* 4 F.Supp.2d 1284, 1285 (D.N.M.1998) (holding that submitting affidavits with motions to dismiss under Rule 12(b)(2) does not convert the motion into one for summary judgment); and *Kemper v. Rohrich,* 508 F.Supp. 444, 445 (D.Kan. 1980) (holding that the court could consider matters outside the pleadings on a motion to dismiss under Rule 12(b)(2) without converting it to a motion for summary judgment). Therefore, the defendant's request that the court analyze these motions as motions for summary judgment is without merit and will be denied.

The applicable standard for each motion will be discussed below.

## III. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

■ Atlas has moved to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(2) based upon a lack of personal jurisdiction. Topliff contends that Atlas's contacts with Kansas are sufficient for this court to exert personal jurisdiction over Atlas in this case. The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well established:

> Plaintiff bears the burden of establishing personal jurisdiction over defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in plaintiff's favor, and plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

*Snyder Industries, Inc. v. Clawson Container Co.,* 991 F.Supp. 1279, 1280 (D.Kan. 1998) (citing *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir. 1984)).

■ Analyzing motions to dismiss for lack of personal jurisdiction involves a two-step process. The first step is to determine whether Atlas's conduct falls within any of the provisions of Kansas' long arm statute, Kan.Stat.Ann. § 60–308(b). "The Kansas long arm statute is liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution." *Volt Delta Resources, Inc. v. Devine,* 241 Kan. 775, 740 P.2d 1089 (1987). Under the Kansas long arm statute:

> Any person, whether or not a citizen or resident of [Kansas], who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
>
> (1) Transaction of any business within this state;
>
> (2) commission of a tortious act within this state;
>
> (5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state;

Kan.Stat.Ann. § 60–308(b) (1994). Topliff claims that Atlas is subject to jurisdiction under these three provisions of the Kansas long arm statute.

As stated above, Topliff only needs to make a *prima facie* showing of jurisdiction to survive a motion to dismiss at this stage of the proceedings. *Snyder Industries,* 991 F.Supp. at 1280. In addition, any factual dispute between the affidavits provided by the parties must be decided in favor of Topliff. *Id.* Given the light burden of proof required at this stage of the proceedings, the court finds that Topliff has shown that Atlas is subject to personal

jurisdiction under the Kansas long arm statute.

The Kansas long arm statute extends personal jurisdiction over any party who enters into a contract with a resident of Kansas which is to be performed, at least in part, within the state of Kansas. According to Topliff's affidavit, which will be accepted as true for purposes of this motion, Atlas telephoned Topliff at his home in Kansas and offered him a job, which Topliff accepted over the telephone. This telephone conversation gave rise to the employment contract between the parties. The only remaining issue is whether the contract was to be performed, at least in part, in the state of Kansas. Topliff contends that he was required "to keep, maintain, up-date and study flight and personnel manuals" and "to study systems and other related aircraft and flight information" at his home in Kansas as a part of his regular job duties.[1] Given the liberal construction that is to be given to the Kansas long arm statute, and the light burden of proof placed on Topliff, the court finds that Atlas's actions in this case bring it within the statutory provisions of the Kansas long arm statute.

Determining that Atlas is subject to personal jurisdiction under the Kansas long arm statute does not end the inquiry in this case. The second step in determining whether this court has personal jurisdiction over Atlas is to determine whether it has sufficient "minimum contacts" with the state of Kansas to satisfy the constitutional guarantee of due process. *Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir.1990). Topliff can establish that Atlas has sufficient "minimum contacts" with Kansas one of two ways. Specific jurisdiction exists when a defendant purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, and the claims against him arise out of those contacts. *Kuenzle v. HTM Sport—*

*Und Freizeitgerate AG,* 102 F.3d 453, 455 (10th Cir.1996). General jurisdiction exists when a defendant's contacts with the forum state are so continuous and systematic that the state may exercise personal jurisdiction even when the claims are unrelated to the defendant's contacts with the forum state. *Trierweiler v. Croxton and Trench Holding Corp.,* 90 F.3d 1523, 1533 (10th Cir.1996).

The court finds that Atlas had sufficient minimum contacts with the state of Kansas to establish specific jurisdiction in this case. Atlas entered into an employment contract with a Kansas resident. Atlas knew that Topliff was residing in Kansas and would continue to reside in Kansas during his employment. Atlas was required to pay employment taxes for Topliff in Kansas. Atlas sent important materials to Topliff at his Kansas residence to be reviewed and studied as a part of Topliff's job duties. Atlas also notified Topliff at his home in Kansas that he was being terminated. Topliff's claim of retaliatory discharge arises directly out of the contacts Atlas had with the state of Kansas.

Topliff has met his burden of showing that this court has personal jurisdiction over Atlas to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(2). Atlas is subject to jurisdiction under the Kansas long arm statute because it entered into a contract with a Kansas resident which was to be performed, in part, in Kansas. Atlas also has sufficient contacts, which gave rise to Topliff's cause of action, with the state of Kansas to establish specific jurisdiction for this case. Therefore, Atlas' motion to dismiss based on lack of personal jurisdiction must be denied.

## IV. MOTION TO DISMISS BASED UPON IMPROPER VENUE

Atlas has moved to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(3)

---

1. The defendant also claims that his job duties included driving from his home in Kansas to Denver International Airport. The court finds that simply leaving one's house to drive to another state to report for work is not "performing" contractual duties as contemplated by the Kansas long arm statute.

based upon a claim that venue is not proper in the District of Kansas. The courts use basically the same standard to decide a motion to dismiss for improper venue as it does for deciding a motion to dismiss for lack of personal jurisdiction. *See M.K.C. Equip. Co., Inc. v. M.A.I.L. Code, Inc.,* 843 F.Supp. 679, 682 (D.Kan.1994).

In civil actions where subject matter jurisdiction is based solely on diversity of citizenship, the case may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(a). "For purposes of venue ... a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

The court finds that the motion to dismiss based upon improper venue must be denied. Because Atlas is subject to personal jurisdiction in the District of Kansas for this case, it is deemed to reside in the District of Kansas for the purposes of venue. 28 U.S.C. § 1391(c). Venue is, therefore, proper in the District of Kansas because the action can be brought in any district where Atlas resides. 28 U.S.C. § 1391(a). Atlas's motion to dismiss for improper venue will, therefore, be denied.

## V. MOTION TO TRANSFER

■ Atlas has moved the court for an order transferring this case to the District of Colorado if the court determines that it has personal jurisdiction over the parties and that venue is proper in the District of Kansas. The basis of this request is 28 U.S.C. § 1404(a) which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) gives the court discretion to decide motions to transfer venue "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir.1991) (quoting *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S.

22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22, (1988)).

In support of its motion to transfer this case to Colorado, Atlas provides the following reasons why it feels Colorado would be a more convenient forum than Kansas:

1. Atlas's primary place of business is in Colorado and it does not have any business locations in Kansas;

2. All records regarding the plaintiff's employment are contained either in Colorado or New York; and

3. Numerous witnesses, who are specifically named, reside in Colorado and would have to travel to Kansas to testify at trial.

Atlas also contends that there are essentially no valid reasons why Kansas would be a more convenient forum than Colorado.

Topliff has responded to Atlas's request to transfer this case to Colorado by stating:

The corroborating witnesses, plaintiff's friends, relatives and his immediate family all of which are witnesses in this case are in Kansas. The convenience of plaintiff's witnesses would be best served if this case is tried in Kansas. Transferring this case to Colorado would impose an insurmountable financial burden upon plaintiff.

The court finds Topliff's arguments as to why Kansas would be a more convenient forum highly suspect. Although the court certainly agrees that, under most circumstances, the fact that Topliff's witnesses are all located in Kansas would support Topliff's claim to keep this case in Kansas, the facts of this case show otherwise. Were this case to be transferred to Colorado, the trial would almost certainly be held in Denver. If the case remains in Kansas, the trial will be held in Topeka. The defendant's hometown, Goodland, Kansas, is located 150 miles closer to Denver than it is to Topeka.

The court fails to see how transferring this case to Colorado would "impose an

insurmountable financial burden upon plaintiff." The only evidence currently before the court shows that nearly all of Atlas's witness and exhibits are located in Colorado and that Topliff, and presumably most of his witnesses, are located 150 miles closer to Denver, Colorado, than Topeka, Kansas. It appears to the court that the only person involved in this case who would be inconvenienced if this case were transferred to Colorado would be plaintiff's counsel.

Section 1404(a) was designed to allow courts to transfer cases to other districts where convenience and fairness indicate the case should proceed. Based upon the facts of this case, the court finds that Colorado would be a much more convenient forum for all of the parties involved. Therefore, the plaintiff's motion to transfer this case to the District of Colorado will be granted.

## VI. ARGUMENTS ABOUT THE MERITS OF THE CASE

Atlas makes several arguments in its briefs filed in regard to these motions concerning the merits of the plaintiff's claims. The motions before the court deal solely with personal jurisdiction, proper venue, and where the most convenient forum would be to proceed with this case. Atlas's concerns about the merits of the claims in this case are not now before the court and were not considered or addressed for that reason.

## VII. CONCLUSION

The court finds that the plaintiff has made a sufficient showing in this case to survive Atlas's motions to dismiss based upon Fed.R.Civ.P. 12(b)(2) and (3). However, the court also finds that the District of Colorado is a more convenient forum for this dispute and that this case should be transferred pursuant to 28 U.S.C. § 1404(a).

**IT IS THEREFORE BY THIS COURT ORDERED** that the defendant's Motion to Dismiss, or alternatively, Motion to Transfer (Doc. 5) is granted in part and denied in part. The motion is denied as to the issues of dismissal based upon personal jurisdiction and improper venue. The motion is granted as it relates to the issue of transferring this case. This case is to be transferred to the United States District Court for the District of Colorado.