Maria C. WHITTAKER, Plaintiff,

v.

MEDICAL MUTUAL OF OHIO,

and

The State Teacher's Retirement System of Ohio, Defendants.

No. 99–4053–DES.

United States District Court,
D. Kansas.

April 24, 2000.

Gregory A. Lee, Davis, Unrein, Hummer, McCallister, Biggs & Head, L.L.P., Topeka, KS, for Plaintiff.

Maria C. Whittaker, Topeka, KS, pro se.

Donald Patterson, Fisher, Patterson, Sayler & Smith, Topeka, KS, Michael R. Reed, Squire, Sanders & Dempsey, LLP, Columbus, OH, for Defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 2) and plaintiff's Alternative Motion for Transfer of Venue (Doc. 52) if the court finds it lacks personal jurisdiction. For the reasons discussed below, defendants' Motion to Dismiss for Lack of Personal Jurisdiction is denied and plaintiff's Alternative Motion for Transfer of Venue is granted.

## I. FACTUAL BACKGROUND

Plaintiff Maria Whittaker, a Kansas resident, brought this action arising out of a claim for benefits from a benefit plan maintained by defendant, the State Teachers' Retirement System of Ohio ("STRS"). The benefits provided by STRS include health care coverage for Ohio teachers who receive disability, survivor, or retirement benefits under the plan. The STRS benefit plan is administered by defendant, Medical Mutual of Ohio ("Medical Mutual"), formerly known as Blue Cross & Blue Shield of Ohio ("BCBSO").

Plaintiff originally filed this action in state court. Plaintiff attempted to serve process on Medical Mutual by serving the Kansas Commissioner of Insurance. However, proper service can only be made upon the Kansas Commissioner if the insurance company is registered with the Kansas Department of Insurance. *See* Kan.Stat.Ann. § 40–218 (Supp.1999). Because Medical Mutual and STRS are not registered to conduct business in Kansas, defendants moved to dismiss the state action for insufficiency of service and lack of personal jurisdiction. Plaintiff voluntarily dismissed the state action and brought her action in federal court.

Defendants filed the current motion seeking dismissal of the case on the grounds that this court lacks personal jurisdiction over them. Defendants raise the following facts to support their motion:

(1) Medical Mutual is a mutual insurance company with its headquarters and principal place of business in Cleveland, Ohio.

(2) Medical Mutual is licensed to do business only in the state of Ohio, and has no offices, employees, or agents in Kansas. It has not registered or applied to conduct business in Kansas.

(3) The contract between Medical Mutual and STRS was executed between two Ohio entities and is intended to be performed in Ohio.

(4) STRS does not enter into contracts for insurance with any persons or entities in Kansas.

(5) Plaintiff was a resident of Ohio from 1989 to 1996.

(6) Plaintiff was an employee at Ohio State University from 1989 to 1994.

(7) Plaintiff was teaching at Ohio State when she became eligible and began receiving benefits under the STRS plan.

(8) In 1996, plaintiff moved to Topeka, Kansas, to seek treatment at the Menninger Institute in Topeka.

(9) Plaintiff continued to seek benefits under the STRS plan.

(10) Medical Mutual approved some of the payments, and STRS paid these amounts.

(11) In 1997, Medical Mutual stopped the payments because it determined that treatment was not medically necessary under Ohio law.

Plaintiff does not dispute the above facts, except that plaintiff claims she moved to Topeka to begin treatment at the Menninger Institute based on representations made to her by defendants that the anticipated treatment would be covered under the STRS plan. Plaintiff also argues that after treatment commenced Medical Mutual used an agent, Blue Cross Blue Shield of Kansas ("BCBSK"), to process plaintiff's medical claims, that the Menninger Institute received payment from BCBSK, and that BCBSK informed plaintiff and the Menninger Institute that payment was denied on part of plaintiff's treatment.

## II. Personal Jurisdiction

■ Defendants have moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well established: Plaintiff bears the burden of establishing personal jurisdiction over defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in plaintiff's favor, and plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. *Snyder Indus., Inc. v. Clawson Container Co.*, 991 F.Supp. 1279, 1280 (D.Kan.1998) (citing *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir.1984)).

■ Analyzing motions to dismiss for lack of personal jurisdiction involves a two-step process. The first step is to determine whether defendants' conduct falls within any of the provisions of the Kansas long arm statute, Kan.Stat.Ann. § 60–308(b). *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir.1990). The second step is to determine whether defendants have sufficient "minimum contacts" with the state of Kansas to satisfy the constitutional guarantee of due process. *Id.* The Tenth Circuit has stated that "these inquiries are essentially the same, because '[t]he Kansas long arm statute is liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution.'" *Id.* (quoting *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 740 P.2d 1089, 1092 (Kan.1987)).

■ Plaintiff can establish that defendants have sufficient "minimum contacts" with Kansas in one of two ways. Specific jurisdiction exists when a defendant purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, and the claims against him arise out of those contacts. *Kuenzle v. HTM Sport–Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir.1996). General jurisdiction exists when a defendant's con-

tacts with the forum state are so continuous and systematic that the state may exercise personal jurisdiction even when the claims are unrelated to the defendant's contacts with the forum state. *Id.*

Plaintiff claims that the court has specific jurisdiction over defendants. To establish specific jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). The contacts with the forum state must be substantial so that the defendant should, "reasonably anticipate being haled into court there." *Burger King,* 471 U.S. at 474, 105 S.Ct. 2174.

■ The contacts must be those that the defendant himself created, not contacts which resulted from the unilateral acts of a third party. *Id.* at 475, 105 S.Ct. 2174.

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts or of the "unilateral activity of another party or a third person."

*Id.* (citations omitted). Examples of cases where the contacts were insufficient because they were the result of the unilateral acts of a third party include an automobile distributor whose only tie to the forum state resulted from a customer's decision to drive there; a divorced husband sued for child-support payments whose only affiliation with the forum state was created by his former spouse's decision to settle there; and a trustee whose only connection with the forum state resulted from the settler's decision to exercise her power of appointment there. *Id.* at 475, n. 17, 105 S.Ct. 2174.

Plaintiff claims four contacts are sufficient to establish personal jurisdiction: (1) Medical Mutual agreed to pay for medical care received in Kansas, (2) Payments were made to the Menninger Institute in Kansas; (3) Plaintiff and the Menninger Institute were informed in Kansas that payments would cease; and (4) Medical Mutual used BCBSK as its agent to process her insurance claims. Defendants argue that all the alleged contacts with Kansas resulted solely from plaintiff's unilateral decision to relocate to Kansas from Ohio. When plaintiff decided to seek treatment in Kansas at the Menninger Institute, she forced defendant to contact her in Kansas. Defendants also argue that the above contacts are only those by Medical Mutual and plaintiff fails to identify any contacts with Kansas by STRS.

■ As to the first contact, Medical Mutual is obligated to carry out its insurance contracts no matter in which state treatment is sought. Therefore, the fact that Medical Mutual acknowledged its obligation to pay under the insurance plan if plaintiff sought treatment in Kansas is not purposeful availment. *See Hunt v. Erie Ins. Group,* 728 F.2d 1244 (9th Cir.1984) (sympathizing with plaintiff's position of having to seek treatment in California but recognizing that the ultimate decision to move to California was plaintiff's decision).

As to the second and third contacts, payment and notice of nonpayment are not sufficient to establish minimum contacts. It was plaintiff's unilateral decision to seek treatment in Kansas which caused defendants to have to send payments and notice into Kansas. Mail and phone communications sent to plaintiff in the forum state

are insufficient to support specific jurisdiction over a nonresident defendant. *See Rambo v. American Southern Ins. Co.,* 839 F.2d 1415 (10th Cir.1988) (holding letters and telephone contacts ordinarily do not satisfy due process standards); *Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 777–78 (5th Cir.1986) (contract, checks, written communications, and extensive telephone calls sent to plaintiff in the forum state are insufficient to support specific jurisdiction); *Peterson v. Kennedy,* 771 F.2d 1244, 1262 (9th Cir.1985) (mail and telephone communications are "legally insufficient" to satisfy the purposeful availment prong).

Several courts have held there is no personal jurisdiction over an insurance company which sends communication into the forum state as a result of the insured's move out of state after the insurance policy was issued and the claim arose. *See Rambo,* 839 F.2d at 1420 (holding no jurisdiction over insurance company who communicated with insured in Oklahoma because insured moved to Oklahoma after the policy was issued and the claim arose); *Hunt,* 728 F.2d at 1247 (holding no jurisdiction over insurance company who mailed payments and sent notice of denial of payment to California when insured moved to California for treatment after the policy was issued and claim arose); *Federated Rural Electric Ins. Corp. v. Kootenai Electric Coop.,* 812 F.Supp. 1139, 1146 (D.Kan.1993) (holding "hundreds" of communications and payment of premiums sent to plaintiff in Kansas was not sufficient to establish personal jurisdiction when plaintiff moved its office to Kansas after policies were issued). Both defendants are Ohio residents, and neither have a license to conduct business in Kansas or have an office in Kansas. The insurance contract, designed to benefit Ohio teachers, was entered into by plaintiff when she was a resident of Ohio. At the time of contracting, when plaintiff became eligible for benefits under the STRS plan, she was a resident of Ohio. Therefore, sending payment, notice of nonpayment, and other communications into Kansas, as a result of plaintiff's move to Kansas, are not legally sufficient to establish specific jurisdiction.

■ The court recognizes that this case is distinguishable from those cited above for a specific reason: In this case Medical Mutual had BCBSK process plaintiff's insurance claims. Plaintiff argues that the use of an agent in the forum state is sufficient to establish minimum contacts. Defendants argue that if Medical Mutual had not used BSBSK to handle correspondence with plaintiff, defendants would have had to resort to using the mail and telephone to communicate with plaintiff. As discussed above, mail and phone communications with a plaintiff in the forum state are not sufficient contacts. *See Rambo,* 839 F.2d at 1418.

Rather than directly communicating with plaintiff in Kansas, Medical Mutual chose to have BCBSK process plaintiff's claims to further remove themselves from any contact with Kansas. If not for plaintiff's unilateral decision to move to Kansas, Medical Mutual would not have asked BCBSK to process her claims. Medical Mutual contacted BKBSK for the sole purpose of fulfilling its obligation to process plaintiff's claim. Defendants did not solicit business in Kansas, nor did they participate in the Kansas insurance market. It is undisputed that all decisions made regarding plaintiff's claims were made in Ohio by Ohio entities based on Ohio law. Defendant's use of BCBSK to process the claims, rather than using mail or phone, is not purposeful availment, but the direct result of plaintiff's unilateral decision to move to Kansas. Other courts have also rejected the concept that the use of an agent, rather than direct communication, is purposeful availment. *See Davis v. American Family Mutual Ins. Co.,* 861 F.2d 1159, 1162 (9th Cir.1988) (hiring an insurance adjuster in Montana and sending numerous correspondence to plaintiff in Montana was not purposeful availment by an insurance company when the reason for such action was plaintiff's unilateral decision to move to Montana); *Johnston v.*

*Frank E. Basil, Inc.,* 802 F.2d 418, 420 (11th Cir.1986) (advertising in an Alabama newspaper for a job outside Alabama and sending an agent into Alabama to conduct an employment interview with an Alabama resident was not purposeful availment).

Because the defendants do not have sufficient minimum contacts, the court finds it lacks personal jurisdiction over defendants.

### III. Transfer of Venue

In the event the court finds it lacks personal jurisdiction, plaintiff requests that the court transfer this case to an appropriate court. Defendants do not object to a transfer of venue to the United States District Court for the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1631. Section 1631 provides: "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." *See Ross v. Colorado Outward Bound School, Inc.,* 822 F.2d 1524, 1527 (10th Cir.1987) (applying Section 1631 to a finding of lack of personal jurisdiction).

■ The court finds that a transfer of venue would be in the interest of justice in this case. This case has already been voluntarily dismissed by plaintiff in state court and re-filed in the District of Kansas. Rather than force the plaintiff to re-file in the District of Ohio, the court finds transfer appropriate. Both defendants are residents of Ohio. The contract, designed to benefit Ohio teachers, was executed in Ohio. Plaintiff was an Ohio resident at the time she entered the contract and became eligible for benefits. Ohio law governs the terms of the contract. Clearly, the action could have originally been brought in Ohio. Because the court finds it lacks personal jurisdiction and the action could have originally been brought in Ohio, the court grants plaintiff's alternative request to transfer venue pursuant to Section 1631.

IT IS THEREFORE BY THIS COURT ORDERED that defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 2) is denied.

IT IS FURTHER BY THIS COURT ORDERED that plaintiff's Alternative Motion for Transfer of Venue (Doc. 52) to the United States District Court for the Southern District of Ohio, Eastern Division, is granted.